IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALFONSO THOMPSON,

    Petitioner,

v.                                                    No.    CV 16-0713 LH/CG
                                                                                        CR 12-3013 LH

UNITED STATES OF AMERICA,

    Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court upon Petitioner Alfonso Thompson's *Motion to Correct Sentence Pursuant to* Johnson v. United States *and under the Auspices of 28 U.S.C. § 2255* (the "Motion"), (CV Doc. 1), filed June 26, 2016; and Defendant the *United States' Response to Motion to Vacate Sentence under 28 U.S.C. § 2255* (the "Response"), (CV Doc. 6), filed August 4, 2016.[1] Senior United States District Judge C. LeRoy Hansen referred this case to Magistrate Judge Carmen E. Garza to perform legal analysis and recommend an ultimate disposition of the case. (CV Doc. 2).

After considering the parties' filings and the relevant law, the Court **RECOMMENDS** that the Motion be **DISMISSED WITH PREJUDICE** because Petitioner's designation as an armed career criminal was not based on the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).

### I.    Procedural Background

Petitioner was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) on November 27, 2012. (CR Doc. 2). On October 14, 2014, he

---

[1] Documents referenced as "CV Doc. ___" are from case number 16-cv-713-LH-CG. Documents referenced "CR Doc. ___" are from case number 12-cr-3013-LH.

1

was sentenced to 180 months' imprisonment, which is the mandatory minimum for a person with three qualifying convictions under the ACCA. (CR Doc. 91; 18 U.S. C. § 924(e)). The relevant prior convictions include: attempt to commit a felony, to wit: aggravated battery against a household member (deadly weapon); and two convictions for attempt to commit a felony, to wit: first degree murder (firearm enhancement). (CV Doc. 6 at 1-2).

On June 26, 2016, Petitioner filed the instant Motion, arguing that his sentence is unconstitutional pursuant to the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (CV Doc. 1 at 1). Petitioner states that his convictions for attempted first degree murder do not qualify as "violent felonies" as defined by the ACCA, and therefore he should not have been sentenced as an armed career criminal. (CV Doc. 3-4). Defendant maintains that Petitioner's convictions qualify as "violent felonies," and thus he is not entitled to relief based on the *Johnson* decision. (CV Doc. 6 at 3-6).

**II.     Legal Standard**

*A. 28 U.S.C. § 2255 Standard*

An individual claiming that his sentence "was imposed in violation of the Constitution or laws of the United States" may move a court to vacate, set aside, or correct a sentence by filing a habeas corpus petition under 28 U.S.C. § 2255(a). To obtain habeas relief under § 2255, the petitioner must demonstrate "an error of constitutional magnitude which had a substantial and injurious effect or influence on the verdict." *United States v. Johnson*, 995 F. Supp. 1259, 1261 (D. Kan. 1998) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)). A court must hold an evidentiary

hearing on a § 2255 petition unless the motions, files, and records conclusively show that the prisoner is not entitled to any relief. 28 U.S.C. § 2255(b).

    B.  *The* Johnson *Decision*

Under the ACCA, an individual with "three previous convictions . . . for a violent felony or a serious drug offense" found to be in possession of a firearm or ammunition will receive a mandatory, minimum fifteen-year sentence. 18 U.S.C. §§ 922(g), 924(e). The statute defines "violent felony" as

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that –
>
> (i)    Has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)   Is burglary, arson, or extortion, involves use of explosive, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B)(i)-(ii) (emphasis added). The emphasized clause is referred to as the "residual clause." *In re Gieswein*, 802 F.3d 1143, 1145 (10th Cir. 2015) (citing *Johnson*, 135 S. Ct. at 2556).

In *Johnson*, the Supreme Court decided that the residual clause "denies fair notice to defendants and invites arbitrary enforcement by judges," and therefore violates the due process clause of the Constitution. *Johnson*, 135 S. Ct. at 2557. The decision in *Johnson* "applies only to the residual[ ] clause definition of 'violent felony,' and 'does not call into question application of the [ACCA] to the four enumerated offenses or the remainder of the Act's definition of a violent felony.'" *Gieswein*, 802 F.3d at 1145, n.2 (quoting *Johnson*, 135 S. Ct. at 2563).

### III. Analysis

Petitioner alleges that his sentence was enhanced under the residual clause of the ACCA based on his two prior convictions for attempted first degree murder. (CV Doc. 1 at 3). Specifically, Petitioner argues that these prior convictions do not amount to "violent felonies" under the ACCA. Therefore, Petitioner contends that he should not have been sentenced as an armed career criminal.

Defendant argues that Petitioner's sentence enhancement was proper, as it did not rely on the residual clause. Rather, each of the offenses "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another," and therefore constitutes a "violent felony" under the ACCA. (CV Doc. 6 at 3-6); 18 U.S.C. § 924(e)(2)(B)(i).

#### A. *Method of Analysis*

To determine whether a crime qualifies as a "violent felony" under the physical force clause of the ACCA, the Court must employ either the "categorical approach" or the "modified categorical approach." *United States v. Ramon Silva*, 608 F.3d 663, 665 (10th Cir. 2010). The decision about which approach the Court should use turns on whether an offense is "divisible" or "indivisible." *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). The categorical approach is used when a statute is indivisible, meaning the statute "provides only a single set of elements to define a single crime." *United States v. Rodriguez*, 768 F.3d 1270, 1273 (10th Cir. 2014). Under the categorical approach, a court "may 'look only to the statutory definitions' – *i.e.*, the elements – of a [petitioner's] prior offenses, and *not* 'to the particular facts underlying those convictions.'" *Descamps*, 133 S. Ct. at 2283 (emphasis in original) (quoting *Taylor v.*

4

*United States*, 495 U.S. 495 U.S. 575, 591 (1990)). The Court is permitted to conclude that a conviction did not "rest[ ] upon anything more than the least of" the criminal acts within a statute. *Johnson v. United States*, 559 U.S. 133, 137 (2010) ("*Johnson I*").

The categorical approach "is straightforward when a statute sets out a single (or 'indivisible') set of elements to define a single crime." *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). However, when a statute is divisible, meaning that it "list[s] elements in the alternative, and thereby define[s] multiple crimes," the categorical approach is more difficult to apply. *Id.* Instead, when a petitioner is convicted under a statute which "contains statutory phrases that cover several different generic crimes, some of which require violent force and some of which do not," courts apply the modified categorical approach. *Johnson I*, 559 U.S. at 144 (citations omitted) (internal quotation marks omitted).

In applying the modified categorical approach, the Supreme Court permits courts "to determine which statutory phrase was the basis for the conviction by consulting the trial record – including charging documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusions of law from a bench trial, and jury instructions and verdict forms." *Id.* A court may not "consider the 'particular facts disclosed by the record of conviction,'" but instead may look at relevant documents "for the sole purpose of determining which part of [a] statute [a petitioner] violated." *United States v. Gomez*, 690 F.3d 194, 198 (4th Cir. 2012) (quoting *Shepard v. United States*, 544 U.S. 13, 17 (2005)). This approach allows a court to "'determine whether the [petitioner] in a particular case was convicted of an offense' that qualifies as a violent felony." *Ramon Silva*, 608 F.3d at 669 (quoting *United States v. Hernandez*, 568 F.3d

5

827, 829 (10th Cir. 2009)).

In this case, the Court will determine the appropriate approach to utilize based on the individual statutes under which Petitioner was convicted.

### B. Attempted First Degree Murder

In 2003, Petitioner was convicted two times for attempted first degree murder, with a firearm enhancement, in violation of N.M. STAT. ANN §§ 30-2-1(A), 30-28-1 (1978). (CV Doc. 6 a 1-2). In New Mexico, first degree murder is defined as:

> the killing of one human being by another without lawful justification or excuse, by any of the means with which death may be caused:
>
> 1. by any kind of willful, deliberate and premeditated killing;
>
> 2. in the commission of or attempt to commit any felony; or
>
> 3. by any act greatly dangerous to the lives of others, indicating a depraved mind regardless of human life.

§ 30-2-1(A).

The New Mexico first degree murder statute is a "divisible" statute because it "lists multiple, alternative elements." *Descamps*, 133 S. Ct. at 2285. Thus, the Court would typically use the modified categorical approach to determine if a conviction under this statute constitutes a "violent felony" according to the ACCA. However, New Mexico does not recognize the crime of attempted felony murder. *State v. Price*, 1986-NMCA-036, 726 P.2d 857, 860 (N.M. Ct. App. 1986) (The Court "refus[ed] to accept attempted felony murder as a crime"), *holding modified by State v. Ortega*, 1991-NMSC-084, 817 P.2d 1196 (N.M. 1991). Additionally, New Mexico does not recognize attempted depraved-mind murder. *State v. Johnson*, 1985-NMCA-074, 707 P.2d 1174, 1177 (N.M. Ct.

App. 1985) (Attempted depraved-mind murder is a "logical impossibility."). Therefore, the Court will utilize the categorical approach to determine if Petitioner was convicted of a violent felony.

Petitioner argues, using the categorical approach, that attempted first degree murder is not a "violent felony," because under the second prong of the statute, the felony murder theory, a defendant would not necessarily have to engage in a crime of violence to be convicted of felony murder. (Doc. 1 at 3-4). This argument is unavailing, because there are no such crimes as attempted felony murder or attempted depraved-mind murder in New Mexico. It is clear that Petitioner was convicted of attempted willful, deliberate, and premeditated murder. N.M. STAT ANN. § 30-2-1(A)(1). Consequently, the Court must decide whether an attempted willful, deliberate, and premeditated murder with a firearm enhancement is a violent felony.

To determine whether attempted first degree murder with a firearm enhancement is a "violent felony," the Court must determine if the statute requires the "use, threatened use, or attempted use of physical force." 18 U.S.C. § 924(e)(2)(B)(i). Physical force means "violent force – that is, force capable of causing physical pain or injury to another person." *Johnson I*, 559 U.S. at 140. The Tenth Circuit recently held that "[e]mploying a weapon that is capable of producing death or great bodily harm or inflicting dangerous wounds in an assault necessarily threatens the use of physical force, i.e., 'force capable of causing physical pain or injury to another person.'" *U.S. v. Maldonado-Palma*, No. 15-2146, 2016 WL 6211803, at *5 (10th Cir. Oct. 25, 2016) (quoting *Johnson*

7

*I*, 559 U.S. at 140)). Petitioner's conviction included a firearm enhancement. (Doc. 6 at 1-2). Under New Mexico law, a firearm enhancement requires "a separate finding of fact by the court . . . that a firearm was used in the commission of a noncapital felony." N.M. STAT ANN. § 31-18-16(A) (1993). Given the Tenth Circuit's holding in *Maldonado-Palma*, this Court similarly finds that using a firearm in an attempted willful, deliberate, and premeditated murder "necessarily threatens the use of physical force" that is "capable of causing physical pain or injury to another person." *Id.* Accordingly, Petitioner's two convictions for attempted first degree murder were properly classified as "violent felonies" under § 924(e)(2)(B)(i).

## IV.     Recommendation

For the reasons discussed above, the Court finds that Petitioner's sentence was properly enhanced under the ACCA because attempted first degree murder is a "violent felony." The pleadings, files, and records conclusively show that Petitioner is not entitled to any relief; consequently, the Court will not hold a hearing in this case. *See* 28 U.S.C. § 2255(b).

Therefore, the Court **RECOMMENDS** that Petitioner Alfonso Thompson's *Motion to Correct Sentence Pursuant to* Johnson v. United States *and under the Auspices of 28 U.S.C. § 2255*, (CV Doc. 1), be **DISMISSED WITH PREJUDICE**. The Court further recommends that a certificate of appealability be **DENIED**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE